Gwendolyn C. Payton, ABA No. 9712101
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631
Email: paytong@lanepowell.com
Attorneys for Defendant Premera Blue Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| BRENT WILLIAMS and DEBRA WILLIAMS,<br><br>         Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS,<br><br>         Defendant. | Case No. 3:17-cv-00021-JWS<br><br>**NOTICE OF REMOVAL** |

**TO:** The Honorable Judges of the United States District Court for the District of Alaska.

Pursuant to 28 U.S.C. §§ 1331 and 1441 *et seq.*, Defendant Premera Blue Cross ("Premera") respectfully removes the above-captioned action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage to this Court on the ground of jurisdiction based on federal question jurisdiction. The following statement is submitted in accordance with 28 U.S.C.§ 1446:

  1. On or around September 1, 2016, Plaintiffs filed their Complaint ("Compl.") with the Clerk of the Superior Court for the State of Alaska in the Third Judicial District at Anchorage, now pending as Case No. 3AN-16-08635 CI, *Brent Williams and Debra Williams v. Premera Blue Cross*. Declaration of Gwendolyn C. Payton ("Payton Decl.") ¶ 2. Premera was never served with the original Complaint. See *id*.

**Notice of Removal**
*Brent Williams and Debra Williams v. Premera Blue Cross* **(Case No. 3:17-cv-00021-JWS)**   **Page 1 of 6**

Case 3:17-cv-00021-JWS  Document 1  Filed 01/25/17  Page 1 of 6

2. On or around December 22, 2016, Plaintiffs filed their Amended Complaint for Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; And, Declaratory Relief ("Amended Complaint"). See Payton Decl. ¶ 3, Ex. B (Amended Complaint).

3. On January 5, 2017, Plaintiffs served the Amended Complaint and a Supplemental Summons and Notice to Both Parties of Judicial Assignment on Premera. See Payton Decl. ¶ 4, Ex. C (Certificate of Service and Supplemental Summons).

4. On or around January 18, 2017, Premera entered a Notice of Appearance. See Payton Decl. ¶ 5, Ex. D (Notice of Appearance).

5. On or around January 24, 2017, Premera was served with an Initial Pretrial Order. See Payton Decl. ¶ 6, Ex. E (Initial Pretrial Order).

6. This Court is the United States District Court for the district and division within which Plaintiffs' action in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, is pending. See 28 U.S.C. § 1441(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c). On its face, the Amended Complaint alleges that Plaintiffs reside in Anchorage, Alaska. See Amended Complaint ¶ 1.

## JURISDICTION PURSUANT TO FEDERAL QUESTION

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants district courts jurisdiction over matters arising under a federal statute. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). In this case, Plaintiffs' Amended Complaint arises under the federal Employee Retirement Income Security Act of 1974, as amended, U.S.C. § 1001, *et. seq.* ("ERISA").

**Notice of Removal**
*Brent Williams and Debra Williams v. Premera Blue Cross* (Case No. 3:17-cv-00021-JWS)     Page 2 of 6

Case 3:17-cv-00021-JWS   Document 1   Filed 01/25/17   Page 2 of 6

9. Plaintiffs allege that the "action arises from Premera's failure to honor its obligations as an insurer in connection with Tanner Williams's reasonable and necessary inpatient treatment for autism spectrum disorders, at Providence Alaska Medical Center." See Amended Complaint ¶ 5. Tanner Williams is the son of Plaintiffs. *Id.* ¶ 6. Plaintiffs further claim that they purchased the health insurance "offered through his employer" and that "[t]he insurance plan was identified as the *Debenham Family Limited Partnership*, Heritage Select Envoy, 1017689 (the "Plan"). See Payton Decl., Ex. F (Plan Booklet); Amended Complaint ¶ 7. Plaintiffs state that for an additional cost, they "purchased MH2-50 mental health coverage from Premera through his employer's group plan." Amended Complaint ¶ 8.

10. There can be no real dispute that the Plan is an employee welfare plan governed by ERISA. See Plan Booklet, pp. 45-46 ("The Group has an employee welfare benefit plan that is subject to the Federal Employee Retirement Income Security Act of 1974 (ERISA)."); Payton Decl. ¶ 7.

11. Plaintiffs allege that Premera wrongfully issued a partial denial of a claim for benefits under the Plan, and seek to recover those benefits. See Amended Complaint ¶ 16. Plaintiffs also seek a judgment declaring that the terms of the Plan required Premera to provide coverage for those benefits. *Id.* ¶ 23. In addition, Plaintiffs seek damages in connection with alleged breaches of the covenant of good faith and fair dealing "[i]mplied in every contract of insurance." *Id.* ¶¶ 18, 21.

12. The United States Supreme Court has held that if a plaintiff's "state causes of action fall 'within the scope of' ERISA § 502(a)(1)(B),", then they are "completely pre-empted by ERISA § 502," and therefore "removable to federal district court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214, 124 S. Ct. 2488, 2498, 159 L. Ed. 2d 312 (2004). In *Davila*, as in the present

**Notice of Removal**
*Brent Williams and Debra Williams v. Premera Blue Cross* (Case No. 3:17-cv-00021-JWS)     Page 3 of 6

Case 3:17-cv-00021-JWS   Document 1   Filed 01/25/17   Page 3 of 6

case, ERISA plan members sued their medical plans under state law claims, in state court, alleging that they suffered damages due to the plans' decisions not to provide coverage for treatment. *Id.* at 204. The Supreme Court held:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B).

*Id.* at 210 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). See also *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1224 (9th Cir. 2005) (citing to *Davila* as "upholding ERISA preemption as a ground for removal.").

13. Here, it is clear that all of Plaintiffs' claims are completely preempted under *Davila*, because the Amended Complaint is an ERISA § 502(a)(1)(B) denial of benefits claim disguised in state law language. First, Plaintiffs' Breach of Contract claim is premised on the allegation that "Premera contracted to insure Williams for health care coverage, including Mental Health Care, during the period of Tanner Williams' hospitalization." Amended Complaint ¶¶ 14-15. Next, Plaintiffs' Breach of Implied Covenant of Good Faith and Fair Dealing claim is premised on the theory that "[i]mplied in every contract of insurance is a covenant of good faith and fair dealing." *Id.* ¶¶18,20. Finally, Plaintiffs' Declaratory Relief claim "seek[s] a judgment declaring that the terms of the insurance contract required Premera to provide coverage for Tanner Williams' inpatient treatment." *Id.* ¶23. But the "insurance contract" invoked in all three claims is *none other than the ERISA-regulated Plan*.

14. Based on the foregoing, this case is removable under *Davila*. See also *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946–47 (9th Cir. 2009) (holding that state law claims are completely preempted and removable if they could have been brought under

**Notice of Removal**
*Brent Williams and Debra Williams v. Premera Blue Cross* (Case No. 3:17-cv-00021-JWS)   Page 4 of 6

Case 3:17-cv-00021-JWS   Document 1   Filed 01/25/17   Page 4 of 6

ERISA § 502(a)(1)(B) and where there is no independent legal duty apart from the plan).

15. Without waiving any argument or defense that ERISA preempts any state law claims or causes of action asserted by Plaintiffs in their Amended Complaint, to the extent that Plaintiffs allege other state law claims in their Amended Complaint, 28 U.S.C. § 1441(c) allows for removal of the entire case whenever a separate and independent claim, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims. 28 U.S.C. § 1441(c); *Nishimoto v. Federman-Bachrach & Assocs.,* 903 F.2d 709, 714 (9th Cir. 1990) (holding that the "district court may exercise pendent jurisdiction over state law claims arising from a nucleus of operative fact common to both the state law claims and the ERISA claim"). Likewise, the Court also has supplemental jurisdiction over any alleged state law claims pursuant to 28 U.S.C. § 1367, in that such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, because this Court would have had jurisdiction over Plaintiffs' ERISA claims had they been filed originally in this Court, the entire case is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) (c), and 1446(a)-(b).

16. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days from the date on which Plaintiffs first served Premera with summons in this action. See Payton Decl. ¶ 4, Ex. C (evidencing service on January 5, 2017).

17. As required by 28 U.S.C. § 1446, a true and correct copy of all state court process, pleadings, or orders served on Premera is attached to the Payton Declaration as Exhibits B, C, and E.

18. By seeking removal, Premera does not waive, and expressly reserves, all rights, defenses, or objections of any nature that they may have to Plaintiffs' claims.

**Notice of Removal**
*Brent Williams and Debra Williams v. Premera Blue Cross* (Case No. 3:17-cv-00021-JWS)   Page 5 of 6

Case 3:17-cv-00021-JWS   Document 1   Filed 01/25/17   Page 5 of 6

19. A copy of this Notice of Removal is being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d). A copy of this Notice of Removal is also being filed with the clerk of the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

WHEREFORE, Defendant Premera Blue Cross gives notice that Case No. 3AN-16-08635 CI, now pending in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, has been removed therefrom to this Court.

DATED this 25th day of January, 2017.

>LANE POWELL LLC
>Attorneys for Defendant
>Premera Blue Cross
>
>By *s/ Gwendolyn C. Payton*
>    Gwendolyn C. Payton, ABA No. 9712101
>    LANE POWELL LLC
>    301 West Northern Lights Boulevard,
>    Suite 301
>    Anchorage, Alaska 99503-2648
>    Telephone: 907.277.9511
>    Facsimile: 907.276.2631
>    Email: paytong@lanepowell.com

I certify that on January 25th, a copy of the foregoing was served by electronic mail on:

Cris W. Rogers
Rogers & Wirschem LLC
2600 Denali Street, Suite 711-B
Anchorage, AK  99503

*s/Gwendolyn C. Payton*
Gwendolyn C. Payton

**Notice of Removal**
*Brent Williams and Debra Williams v. Premera Blue Cross* **(Case No. 3:17-cv-00021-JWS)**     Page 6 of 6

Case 3:17-cv-00021-JWS   Document 1   Filed 01/25/17   Page 6 of 6